UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-60530-UU

ENVISION HEALTHCARE
CORPORATION, *et al.*,

    Plaintiffs,

v.

UNITED HEALTHCARE INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

THIS CAUSE is before the Court upon Defendant's Motion to Compel Arbitration and Stay the Action (D.E.24).

THE COURT has considered the pertinent portions of the record and is otherwise fully advised in the premises.

## BACKGROUND

The facts recited here come from the Complaint, filed March 12, 2018. D.E. 1.

Plaintiffs, Envision HealthCare Corporation ("Envision") and Sheridan HealthCorp, Inc. ("Sheridan"), sue United HealthCare Insurance Company ("United") for damages stemming from alleged contractual breaches. *Id*. ¶¶ 1–4. The contract required Plaintiffs to pay for the medical expenses of patients insured by United, and United, in turn, would pay Plaintiffs according to pre-determined payment rates. *Id*. Ex. A

1

Plaintiffs allege that Defendant unilaterally changed the contractual payment rates in response to perceived overbilling by Plaintiffs. *Id*. ¶¶ 35, 55.[1]

The contract provides that in the event the Parties disagree as to the existence of overbilling, "the issue will be resolved through the dispute resolution process set forth in the Agreement." *Id*. ¶ 38. The dispute resolution provision requires that "any and all disputes" arising out the contract be referred to binding arbitration. *Id*. ¶ 39.

The Parties agree that this mandatory arbitration provision is enforceable as written, and that all of Plaintiffs' claims fall within its scope. Plaintiffs argue, however, that by unilaterally changing the payment rate, Defendants waived the arbitration provision, and therefore Plaintiffs are no longer bound by it.

## ANALYSIS

1) <u>Defendant Has Not Waived Its Arbitration Right</u>

An agreement to arbitrate may be waived. *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1315 (11th Cir. 2002). The Eleventh Circuit has established a two-part test to determine whether a party has waived its right to arbitrate. *Id*. First, the court must decide "if, under the totality of the circumstances, the party has acted inconsistently with the arbitration right." *Id*. (internal quotations omitted) (citing *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1315 (11th Cir. 2002)). Second, the court must look to see "whether, by doing so, that party has in some way prejudiced the other party." *Id*. "A contractual breach alone, however, cannot rise to the level of waiver; otherwise, parties would never arbitrate contract disputes." *Id*. at 1319.

Here, Plaintiffs attempt to do precisely that which *Ivax* prohibits: turn a breach of contract into a waiver of an arbitration clause. They argue that United waived the arbitration

---

[1] Plaintiffs allege other breaches as well, but because they are not relevant to this motion, the Court does not address them.

provision by unilaterally changing the payment rates, thereby engaging in "self-help" rather than obeying the procedures set forth in the dispute resolution provision. No case cited by Plaintiff or any in the Court's own review extends the waiver rule so far. Waiver has been found where a party litigated for three years before moving for arbitration. *Garcia v. Wachovia Corp.*, 699 F.3d 1273 (11th Cir. 2012). And where a party waited five years to compel arbitration and colluded with its insured to injure the plaintiff. *Morewitz v. W. of England Ship Owners Mut. Prot. & Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995). It has also been found where a party refused to participate in arbitration, and where an arbitration provision was so one-sided as to be unconscionable. *See Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1124 (9th Cir. 2008); *Hooters of Am., Inc. v. Phillips*, 173 F.3d 933, 938 (4th Cir. 1999).

This case is different; the waiver is premised on a breach alone. To extend the waiver rule to a contractual breach alone would, as *Ivax* warns, render arbitration provisions meaningless. *See Ivax Corp.*, 286 F.3d at 1319.

Additionally, Plaintiff has not identified any prejudice. Plaintiff asserts that Defendant's unilateral change to the payment rates has caused it harm, but this is harm from the alleged contractual breach, not prejudice flowing from conduct inconsistent with Defendant's right to arbitrate. *See Citibank, N.A. v. Stok & Assocs., P.A.*, 387 F. App'x 921, 924 (11th Cir. 2010).

The Eleventh Circuit has found prejudice where a party litigates for some time before invoking its arbitration right, thereby forcing the other party to incur substantial time and expense. *See, e.g.*, *Morewitz*, 62 F.3d at 1366 (finding prejudice where the party asserting waiver demonstrated that its adversary allowed, at a minimum, five years to pass-the time between the liability action and the enforcement action-before invoking its right to arbitrate); *S & H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990) (same after an

3

eight-month delay); *Stone v. E.F. Hutton & Co.*, 898 F.2d 1542, 1543 (11th Cir. 1990) (same after one year and eight month delay). There has been no such delay here. Plaintiff filed suit on March 12, 2018, and Defendant timely moved to compel arbitration April 6.

For these reasons, the Court finds that Defendant has not waived the arbitration provision. Because the Parties agree that the arbitration provision is otherwise enforceable and applicable to this dispute, the Motion must be granted.

2) The Case Should Be Dismissed, Not Stayed

When a case is subject to binding arbitration, it is within the district court's discretion whether to stay or dismiss a case. *See, e.g.*, *N-Tron Corp. v. Rockwell Automation, Inc.*, No. CIV.A. 09-0733-WS-C, 2010 WL 653760, at *7 (S.D. Ala. Feb. 18, 2010); *Banks v. Warren Manor Nursing Home*, No. 2:10CV595-MEF, 2010 WL 5636214, at *3 (M.D. Ala. Dec. 27, 2010), report and recommendation adopted, No. 2:10-CV-595-MEF, 2011 WL 231169 (M.D. Ala. Jan. 24, 2011) (citing *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir.1992) ("Given our ruling that all issues raised in this action are arbitrable and must be submitted to arbitration, retaining jurisdiction and staying the action will serve no purpose. Any post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by law.") (citations omitted)).

Here, the Court concludes that dismissal without prejudice is appropriate. The case has been pending for less than two months. Additionally, the alleged breaches occurred within the last five years, and so the statute of limitations is not implicated. Accordingly it is hereby

ORDERED AND ADJUDGED that upon Defendant's Motion to Compel Arbitration and Stay the Action (D.E.24) is GRANTED.  The case is DISMISSED WITHOUT PREJUDICE.  It is further

ORDERED AND ADJUDGED that the case is CLOSED for administrative purposes. All hearings are CANCELLED and all other motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 26th day of April, 2018.

_____
UNITED STATES DISTRICT JUDGE

Copies to: counsel of record